No. 9572.

### KIRKPATRICK & CO. VS. CLAY OLDHAM.

It is now settled in jurisprudence that the property held in pledge by a creditor may be seized out of his possession by another creditor of the pledgee, and sold subject to the pledgee's claim.

If the thing pledged is a promissory note the pledgee made garnishee cannot be heard to urge the defense that the note is only accommodation paper, pledged for a specific purpose, and not to be enforced against the drawer for any other purpose, as such defense could be resorted to by the drawer only when sued on the note.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Jonas & Nixon* for Plaintiffs and Appellees.

*Blanc & Butler* for Garnishees and Appellants.

---

The opinion of the Court was delivered by

POCHÉ, J. Answering interrogatories propounded to them in a garnishment process, the appellants, garnishees, stated that they held a note past due of $2500 the property of the defendant Oldham, who had deposited the same with their firm in pledge as a collateral security for such balance as he might owe them on account of advances of money which they made to him from time to time for the purchase of cotton.

They further stated that at the date of the garnishment, he owed them $42, which was secured by pledge on the note, and that they would

have a further claim on the note for the reimbursement of attorney's fees and other costs of collection, the note being then in the hands of their agents in the State of Texas for collection.

They prosecute this appeal from a judgment ordering them to deliver the note to the sheriff to be held by him under judicial process issued in the cause, recognizing their rights as pledgees to the note to the extent of $42, and to cover such expenses as had been incurred by them in efforts to collect up to the date of the garnishment proceedings.

We find ample support for that judgment both in the facts of the case and in well settled jurisprudence.

The right of the pledgor's creditor to seize the thing pledged out of the possession of the pledgee to be sold subject to the latter's claim, was presented as a question, and was recently discussed by this Court in the case of Horner vs. Dennis, 34 Ann. 389, and the right was fully and unequivocally recognized both on reason and on abundant authority.

But it is suggested that the State courts had no jurisdiction whatever on the note, as the same was in Texas for collection. But the garnishees admitted that it was their property to the extent of their stated claim and under their control, and as the court had jurisdiction over them, that included jurisdiction over the note, which follows the person of its owner or holder.

But appellants' most confident reliance is on the argument. that as the note, which was subscribed by two brothers of the defendant Oldham, was left in their possession by the latter as accommodation paper, exclusively for one purpose, which was to secure their advances to Clay Oldham, they could not use it for any other purpose. Hence, they contend that plaintiffs, or any body else, could not hold the drawers of the note thereon.

If the latter were before the court and urging that defense, their contention might be considered. But that question is foreign to the only issue presented by the pleadings in this case, between the parties thereto.

We are not now concerned with the practical result to plaintiffs through their proposed seizure of the note in question, or with the rights which they may or may not enforce on the note against the drawers thereof.

That is a matter exclusively of their concern, and which can be passed on judicially in future and distinct proceedings only.

Judgment affirmed.